## DODGE vs. SILVERTHORN, impleaded with others.

The owner of a school land certificate has an interest in the land described therein, which may be mortgaged.

A subsequent purchaser of the certificate with notice of such mortgage, takes the land subject thereto; and the *record* of such mortgage in the register's office of the county in which the land lies, is a sufficient notice.

If such purchaser of the certificate has paid the state the amount due thereon, he will be regarded, in a suit against him for the foreclosure of such mortgage, as having a prior lien upon said land for the amount so paid.

Where a woman mortgaged her land, to secure the payment of her note, an answer by a subsequent purchaser of the land, in a suit to foreclose such mortgage, alleging that the mortgagor, at the time of the execution of said mortgage and note, was a married woman living with her husband, is bad, on demurrer, although the complaint does not show the nature of the indebtedness which the mortgage was given to secure.

APPEAL from the Circuit Court for *Jefferson* County.

June Term, 1860.

The complaint in this action alleged that, on the 23d of December, 1856, the defendant *Almira Vanhoosen*, for the purpose of securing the payment of $316, with interest, according to the tenor of her three notes of that date, executed to one Francisco a mortgage upon forty acres of land in Jefferson county, which was duly recorded July 18, 1857; that she was the owner of said land by virtue of a certificate of sale issued by the commissioners of school and university lands, on which there was due to the state in 1860 the sum of $189; that she had made improvements on said land, which rendered it worth about $1,000; that said notes and mortgage were assigned to the plaintiff on the 18th of July, 1857, on which day the assignment of the mortgage was duly recorded, and that there had been no proceedings had for the recovery of said debt. The complaint also alleged that after the assignment of said mortgage to the plaintiff, said *Almira* assigned and delivered said certificate to the defendant *Powers*, and gave him possession of said land, with the express agreement that he should pay said notes as part of the purchase money; that about the 2d of March, 1859, said *Powers* contrived with the defendant *Silverthorn*, that the latter should take an assignment of said certificate and procure a patent from the state in his own name; that said *Silverthorn*, with knowledge of the plaintiff's mortgage, took said assignment; that said certificate was presented to the school land commissioners, about the 2d of March, 1859, by said *Powers*, or by some one in his behalf, and a patent therefor issued to said *Silverthorn*; and that to secure the state for the amount then due on said certificates, said *Silverthorn* and wife, on the same day, executed to the state a mortgage on said land. The complaint also alleged, that no consideration was paid by *Silverthorn* for said assignment; that he paid nothing to the state at the time of taking said patent; that he had no interest in said land, but received and held the title thereof in trust for *Powers*; and that *Powers* continued to reside upon and enjoy the profits of said land. The complaint also alleged, that said *Almira* had left the state and was insolvent, and demanded judgment of foreclosure, &c.

DODGE
v.
SILVERTHORN.

June Term,
1860.

DODGE
v.
SILVERTHORN.

The defendant *Silverthorn,* by his answer, denied any knowledge of the plaintiff's mortgage upon said land at the time he bought the same and took the assignment of the certificate; and denied that he held said land in trust for said *Powers;* but alleged that he had bought the same of said *Powers* for its full value; and for a further defense, alleged that said *Almira* was, at the time of the executing said notes and mortgage, a married woman, living with her husband; wherefore he demanded judgment that said mortgage and notes be cancelled and declared null, &c.

To this answer the plaintiff demurred, on the ground that it did not state facts sufficient to constitute a defense.

Judgment for the plaintiff on the demurrer.

*Weymouth & Thorne,* for appellant:

A school land certificate is merely an evidence of the right of the owner to purchase the land upon certain terms. R. S., chap. 28, sec. 53. The interest which the holder of the certificate has in the land, cannot be sold on execution; and although a court of equity might compel an assignment, or might order a sale by a receiver, yet without acquiring the certificate, in some way duly assigned, no person could acquire any claim to the land. The defendant being a *bona fide* purchaser and assignee for full value, without actual notice of any equity of the plaintiff, and also without constructive notice—for the fee of the land being in the state, the record of the plaintiff's mortgage was not such a notice—was entitled, on performing the conditions mentioned in the certificate, to receive a patent from the state, and on receiving it, owned the land without incumbrance. 2. Our statute "for the protection of married women," gives to a *feme covert* no power to bind herself by a contract. *Wooster vs. Northrup,* 5 Wis., 245; *Phillips vs. Northrup,* 12 How., 17. The mortgage being a mere incident to the debt, any defense to the note would also be a defense to the mortgage. *Fisher vs. Otis,* 3 Chand., 83; *Martineau vs. McCollum,* 4 id., 153; *Blunt vs. Walker,* 11 Wis., 334. 3. To enforce any contract of a married woman to pay a debt, or to apply her property in payment of a debt, the debt must be shown to be an equitable one. The real consideration of the notes should therefore

have been set out in the complaint, showing it to have been an equitable debt for the benefit of Mrs. V. *Yale vs. Dederer*, 18 N. Y., 265, and cases there cited; *Curtis vs. Engel*, 2 Sandf., Ch. R., 287; *Cobine vs. Cynthia St. John*, 12 How. Pr. R., 333; *Wooster vs. Northrup, supra.*

*L. B. Caswell*, for respondent:

1. The certificate was a "contract for the sale of real estate, creating an interest in land." *Whitney vs. The State Bank*, 7 Wis., 625; *Smith vs. Clarke*, id., 563; *Bull vs. Sykes*, id., 449; 5 id., 551; R. S., chap. 28, sec. 38. 2. This interest was a part of the separate estate of *Mrs. Vanhoosen.* General Laws of 1850, chap. 44. A married woman, so far as her separate estate is concerned, was treated in equity like a *feme sole.* "Her written engagements, entered into on her own account, to pay money, were to be satisfied out of her own separate estate." *Yale vs. Dederer*, 18 N. Y., 265; see, also, *Albany Fire Ins. Co. vs. Bay*, 4 Coms., 9; 1 id., 462; *Cramer vs. Comstock*, 11 How. Pr. R., 486; 22 Wend., 526; 20 id., 570; 1 Hill. on Mort., 6–7; 3 John. Ch. R., 145; 17 Vesey, 365. And in this state, since the act of 1850, she may convey, mortgage or otherwise dispose of her estate, the same as if she were unmarried, although no personal claim can be made against her.

*By the Court*, COLE, J. We have no doubt that a person in possession of land under a school land certificate, or owning such a certificate, has an interest or estate in the land which may be mortgaged. These certificates are analogous to an ordinary land contract between individuals for the sale and conveyance of real estate. *Smith vs. Mariner*, 5 Wis., 551; *Smith vs. Clark et al.*, 7 id., 551; *Whitney vs. the State Bank*, id., 625. And although the fee of the land remains in the state, until the amount of the certificate is paid and the patent issues, still the purchaser takes an interest in real estate which may be sold, conveyed and mortgaged. See *Bull vs. Sykes et al.*, 7 Wis. R., 449. Of course the mortgage would be subject to the amount due the state. Neither could such a mortgage interfere with the right of the state to sell the land for non-payment of interest

or taxes. But the mortgagee could easily protect himself against forfeiture by paying the amount due the state. We, therefore, consider it very clear, that *Almira Vanhoosen* had a mortgageable interest in the land mentioned in the complaint, and embraced in school land certificate No. 133. This being so, the certificate was sold and assigned by her to *Powers*, subject to the mortgage. The appellant *Silverthorn*, acquiring the interest of *Powers* in the certificate, took it subject to the same mortgage, and stood in his shoes. He cannot be said to be a purchaser without notice. The mortgage was recorded in the proper county, and he was bound to take notice of it. It is objected that the registry laws do not apply to such a mortgage; but why they do not, we fail to understand. The statute provides that the certificates themselves may be acknowledged and recorded like deeds of conveyance, and that an assignment of them in writing may be acknowledged and recorded in the same manner. Chap. 28, sec. 53, R. S., 1858. And we are unable to perceive any reason or principle, why a mortgage given by the owner of a school land certificate should not be recorded like other mortgages, and be governed by the same rules in respect to notice. In the present case, the appellant states, in his answer that he has paid the state the amount due upon the certificate, and obtained a patent for the land. If that be so, then the amount paid the state ought, in equity, to be considered the first lien upon the land, and the first to be paid out of the proceeds, if it comes to a sale. The mortgage being subject to the amount due the state on the certificate, the condition of the parties has not been essentially changed by *Silverthorn* paying up this amount and taking the patent. The respondent will only have to pay the appellant what he otherwise would have paid the state, in order to make his mortgage the first incumbrance. As already observed, the amount paid the state for the land will first be satisfied out of the proceeds of the mortgaged property, and the remainder applied in discharge of the mortgage until that is paid. We allude to the manner in which the proceeds of the property should be applied, for the purpose of making our views in regard to the rights and equities of the

parties more intelligible.    We have no doubt but the mort-    <span style="float:right">June Term,<br>1860.</span>
gage is valid, and the answer of the appellant discloses no
reason why it should not be foreclosed in conformity to the    <span style="float:right">DINSMORE<br>v.<br>RAC. & MIL. R.<br>R. Co.</span>
prayer of the complaint.

It is alleged in the answer that *Almira Vanhoosen*, the
maker of the notes and mortgage sought to be foreclosed,
was, at the time she executed the same, a married woman,
living and cohabiting with her husband, and, therefore, it is
insisted that the notes and mortgage are void.    This defense,
if good, would be a little ungracious in view of some matters
stated in the complaint, viz., that *Mrs. Vanhoosen* sold and
assigned the certificate to *Powers*, with the express agreement
that *Powers* would pay the notes and mortgages, and that
the amount of these notes was considered a part of the pur-
chase money, to be so applied and discharged by *Powers*.
*Mrs. Vanhoosen* does not seek to avoid the foreclosure of the
mortgage.    Furthermore, we have held that a married wo-
man may charge her separate property with the payment of
an indebtedness, and that a court of equity can enforce such
a contract by a proceeding *in rem* against the property
charged.    *Heath vs. Van Cott*, 9 Wis., 516.    No personal
remedy is sought against *Mrs. Vanhoosen*, but merely that
the land be sold to pay the debt she has charged upon it.
We can see no satisfactory reason why this should not be
done.

We therefore think the demurrer to the answer well
taken.