BLANDIN'S ADMINISTRATOR, *et al.,* v. BENJAMIN P. WADE.

1. LOST NOTE; *Action; Indemnity Bond.* Where a note, though negotiable, is payable to order, and unindorsed, and is accidentally destroyed by fire while in the possession of the payee, the payee can maintain an action on such lost instrument without first tendering or giving a bond of indemnity.

2. DECREE OF FORECLOSURE; *Time for Payment, Before Issuing Execution.* In an action to recover upon certain promissory notes, and to foreclose a real-estate mortgage given to secure the payment of the notes, where the judgment required the defendant to pay the debt and costs within one day after its rendition, and on default thereof the clerk is directed to issue a special execution to sell the real estate to satisfy the judgment, *held,* not erroneous because no more time is allowed the debtor to raise and pay the money prior to the issuance of the special execution.

3. PLEADING, IN FORECLOSURE ACTIONS; *Averment of Interest of Defendants; Disclaimer.* The plaintiff in the court below commenced an action against D. F. B., S. F. B., and the C. C. & M. Company, on a promissory note and a real-estate mortgage made to secure said note, alleging in his petition that D. F. B. executed the note and mortgage, and "that S. F. B. and the C. C. & M. Company have, or claim, some interest in the premises, adverse to the plaintiff, the amount or kind of interest the plaintiff is ignorant of, and desires that they be compelled to disclose to the court;" and S. F. B. and said Company joined in the answer of D. F. B., which contained a general denial of all the above allegations. *Held,* That said S. F. B. and the said C. C. & M. Company are in no condition to question the judgment barring and foreclosing them of all right, title and interest to the mortgaged premises adverse to the plaintiff, as their answer denies that they have or claim any interest therein.

*Error from Osage District Court.*

FORECLOSURE of mortgage, brought by *Wade,* as plaintiff, against *D. F. Blandin, Sallie F. Blandin,* and the *Carbon Coal and Mining Company.* The mortgage was executed by *D. F. Blandin* alone; was dated 19th of March 1874; was upon a quarter-section of land lying in Osage county; and was made to and in favor of *Wade,* to secure three promissory notes of $400 each, executed on said 19th of March, by said *D. F. Blandin.* The notes were payable to the order of said *Wade,* at the Topeka Bank and Savings Institution, in one, two, and three years, respectively, from the date thereof. The

mortgage provided, that "if said sum of money in said notes mentioned, or any part thereof, or any interest thereon, is not paid when the same is due, then and in that case the whole of said sums shall become due and payable," etc.   The first of said notes was paid.   Default of payment of the second note having occurred, *Wade*, on the 12th of July 1876, commenced his action of foreclosure.   The district court, at the November Term 1876, found that there was due to *Wade* the sum of $800 as principal, the sum of $215.56 as interest, and $75 attorney-fee, (amounting together to the sum of $1,090.56,) and gave judgment against said *D. F. Blandin* for said sums, and for costs, and for the foreclosure of said mortgage, and for the sale of the mortgaged premises, if said *D. F. Blandin* should fail for one day to pay; and the court decreed, that "all the right, title, and interest in and to said premises, both legal and equitable, of the said *D. F. Blandin, Sallie F. Blandin*, and the *Carbon Coal and Mining Company*, and any or either of them, and all persons claiming under or through them, or either of them, is forever barred and foreclosed."   Other facts and proceedings are stated in the opinion, *infra*.   Subsequently to the entering of such decree said *D. F. Blandin* died, and *H. Wells* was appointed administrator of his estate.   The administrator, and said *Sallie F. Blandin*, and the *Carbon Coal and Mining Company*, bring the case here for review.

*Ellis Lewis, Ross Burns*, and *J. G. Waters*, for plaintiffs in error.

*Thomson & Heizer*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action to obtain a judgment on certain notes, and to foreclose a mortgage given to secure the payment of the same.   The trial was had by the court, a jury being waived; but only a general finding was made, and as there was no motion for a new trial, we can only pass upon the question, whether the judgment can be sustained

under the pleadings in the case. The first objection is, that the court erred in giving judgment on lost notes. The allegations in the petition and reply state the notes said to have been lost were destroyed by fire, while still in the possession of the payee; that the notes were payable to the order of Benj. P. Wade, and had never been indorsed. In addition, before rendering judgment the court, from abundant caution, required the plaintiff to give a bond of indemnity to the maker of the notes, the security to which was satisfactory to all parties. Under these circumstances no error was committed. This case is within the well-settled rule that an action upon a lost note can be maintained without giving a bond of indemnity, for two reasons, viz.: the notes were payable to order, and unindorsed, and the allegation is clearly to the effect that the notes were destroyed in the hands of the payee and had never been transferred. With the record before us, we must assume the proof sustained these allegations. The notes could never rise in judgment against the maker in other hands, or in another action. We do not see how the defendant in the court below can suffer any prejudice, and the action of the court in requiring an indemnity bond, was such a precautionary measure that really more was given than the law requires in such cases.

1. Action on lost or destroyed notes.

It is next objected that the court erred in not giving more than one day in the decree for the defendant to pay the judgment. In the absence of special provisions of statute, courts of equity, or courts exercising equity powers, may allow a period for the payment of a debt secured by a mortgage before a sale of the property; and in the cases of strict foreclosure, in those states where the decree vests the complete title in the mortgagee, this is always done. But this practice does not *necessarily* apply in this state, to cases like this, in a decree for the sale of the property, because the debtor is protected in two ways: *First*, he has to the day of sale to make payment and release the mortgaged premises from the lien and sale, and the provisions of law require public notice of the

2. Foreclosure. Time for payment before execution for sale.

time and place of sale to be given for at least thirty days before any sale can be had; *second*, such debtor has the right to receive the surplus arising from the sale. It has been the practice in most of the districts of the state to give ten days after the rising of the court for the payment of judgments in foreclosure suits; and we see nothing objectionable in this. But it is no right that a judgment debtor can demand, under our laws, and the provisions of our procedure act in such cases. The case of *Clark v. Reyburn*, 8 Wall. 318, is cited in opposition to this doctrine; but that decision was based upon the provisions of the territorial legislature of Kansas of 1855, which provided that, at his option, a mortgagee could proceed in a court of chancery to foreclose his mortgage according to the course of proceeding in chancery in such cases, and upon the action of the mortgagee in that case in adopting that mode of procedure. The questions growing out of time being required in a decree of foreclosure for the redemption of the estate, arise from misinformation, or a misconception of our statutes. At one time, under the common law, upon condition broken, the mortgagee became invested with the legal title, and was entitled to possession; yet, in that condition of things, his title was subject to a defeasance. The rents and profits operated as cancellation *pro tanto* of his conveyance; and when they reached a sum sufficient to reimburse his original investment, with such use as the law allowed, the legal title reverted to the mortgagor, and he would be entitled to the possession; and he had a right to facilitate this operation by payment of the money, and upon application to a court of equity his title would be disincumbered of the cloud the mortgage cast upon it. This right of the mortgagor was called "the equity of redemption." In this state, the common-law attributes of mortgages have been wholly set aside, and the ancient theories demolished. A mortgage is a mere security, creating a lien upon the property, but vesting no estate whatever, either before or after condition broken. (*Chick v. Willetts*, 2 Kas. 384.) Under our statute, in suits upon notes secured by

real-estate mortgages, the mortgagees recover judgments for the amount of the debt, and that the premises shall be sold under a special *fieri facias.* Such special execution is similar to an order to sell real estate seized upon attachment to secure a claim, and the order of sale of real estate to satisfy a mechanic's lien. *Prior* to the sale, the law gives the right to redeem in all these cases. *After* the sale, there is no redemption in either case. And in all these cases, the proceeds are first applied to the liens, judgments, and costs, and the surplus goes to the judgment-debtor. (Sec. 399 of civil code, Gen. Stat. 705.) Some point is made by the counsel of the plaintiffs in error, that the decree barred the interests of the maker of the mortgage *eo instanti.* It is true, such is its wording, and it certainly is inartistically drawn; but as it can only operate under the law, after a sale of the real estate, no substantial error was committed.

The further objection to the judgment is, that the decree barred the right, title, and interest, legal and equitable, of

3. Pleading; averment of defendant's interest, in foreclosure. Disclaimer.

Sallie F. Blandin and the Carbon Coal & Mining Company, to the mortgaged premises, and that the petition did not state facts sufficient to constitute a cause of action against either of these defendants, or warrant any judgment. The allegations in the petition against Sallie F. Blandin, and the company, were, that they have or claim some interest in the premises adverse to the plaintiff, the amount, or kind of interest the plaintiff was ignorant of, and desired that they be compelled to disclose to the court. These defendants joined with the other defendant in an answer which contained a general denial of the allegations of the petition, and a special defense that the notes sued on were lost before maturity, etc. Clearly, within the authority of *Short v. Nooner,* 16 Kas. 220, the allegations against Sallie F. Blandin and the Carbon Coal & Mining Company were insufficient to sustain or uphold any judgment; and the only question that arises is, the effect of the answer of the said defendants. One of the allegations against them was, that they had or claimed some interest in

the real estate adverse to the plaintiff; and their answer controverted this fact, or averment. Now, it is immaterial that in the absence of any answer interposed by these defendants said judgment could not have been legally rendered, as we must take all the pleadings together; and thus construing them, such answer was in the nature of a disclaimer; and whether the judgment was properly rendered or not, these defendants are in no condition to complain. No judgment for costs was rendered against them; and the decree is only effective as barring their interests and claims which were adverse to the plaintiff, and which might have been litigated in the suit. They deny they had any such adverse interests, and cannot be prejudiced or affected by the decree. Hence, upon the record, as to them, by their own showing, no substantial error was committed.

The judgment of the district court is affirmed.

All the Justices concurring.