JOSEPH ADAMS V. J. A. DEVALLEY, *as Sheriff, etc., et al.*

1. EXECUTION — *Sale* — *Confirmation.* Upon the return of an order of sale of real estate, where the proceedings are found to be regular, it is the duty of the court to confirm the sale.

2. ———— *Setting Aside Sale.* Where a sale is confirmed on motion of the judgment debtor, and it is afterward shown by the sheriff that the wife of the defendant before the sale of the property claimed the same as her homestead, and that he had received no part of the purchase-money from the purchaser at said sale, *held*, not error, as against the judgment debtor, for the court to set aside the confirmation and sale, where no costs are taxed to said judgment debtor.

*Error from Franklin District Court.*

PROCEEDING to reverse the action of the district court of Franklin county in setting aside the confirmation and sale of certain lands sold by the sheriff of that county, and in allowing him to amend his return. J. A. Devalley obtained a judgment against Joseph Adams before a justice of the peace of Franklin county, and on the 24th day of June, 1887, filed an abstract of such judgment in the district court of Franklin county. Afterward an execution was duly issued upon said judgment, and the sheriff, being unable to find personal property upon which to levy said execution, levied upon lots 21, 23 and 25, in block 16, Bowles, Sheldon & Topping's addition to the city of Ottawa, as the property of Joseph Adams. The sheriff caused said property to be appraised, and the appraisement was made in the sum of $350 in gross, subject to a mortgage on said property of $200. The property was advertised for sale by the sheriff, no reference in said advertisement being made to the mortgage on the property, and by mistake in the publication notice one of the lots was not mentioned, and only the two lots advertised. The property was by the sheriff sold for $240 to the judgment creditor, subject to the mortgage of $200. Prior to the sale of the property, Joseph Adams and Kate Adams his wife each served a separate notice upon the sheriff that they claimed the prop-

erty as their homestead, and that they resided thereon. On the 20th day of August, 1887, Joseph Adams filed with the clerk of the district court a waiver of all irregularities in the appraisement, advertisement and sale of said property, and moved the court to confirm said sale; and thereupon the court confirmed the sale, and ordered that a deed be made to the purchaser by the sheriff. On the 23d day of August the sheriff moved the court to set aside the confirmation and the sale, and to permit him to amend his return by showing that he had received no money upon the sale from the purchaser; and upon said motion the court set aside the sale, and taxed the costs of the proceedings to the plaintiff, the judgment creditor. To reverse the order setting aside the sale and confirmation, *Adams* brings the case here.

*Enoch Harpole*, for plaintiff in error.

*Mechem & Smart*, and *Wm. H. Clark*, for defendants in error.

Opinion by CLOGSTON, C.: No reason is given by the court for setting aside the confirmation of sale, except that the sheriff had failed to collect the purchase-money. The proceedings, including the appraisement, publication and sale, were irregular, and perhaps void; but it is insisted that if this be true, the irregularity was cured by the waiver of Joseph Adams, the defendant; and, all irregularities having been waived, that it became the duty of the court to approve the sale, and to confirm it. This would perhaps be true had the waiver been signed by Adams and his wife. Mrs. Adams, not having signed the waiver, is not bound thereby. She had served a notice upon the sheriff that she claimed the property as her homestead. This doubtless was the reason why the sale had not been completed by the purchaser and the money paid to the sheriff. The purchaser found that the property was not subject to levy and sale, and doubtless for that reason he paid no part of the purchase-money to the sheriff. This, perhaps, was shown to the court by the sheriff, although the record is silent upon the question; but we may fairly presume that the

court was fully informed of the condition of this property, and for that reason permitted the sheriff to amend his return by showing that the purchase-money had not been paid, and then set aside the sale. The confirmation or setting aside of a sale is largely in the discretion of the court. Where the proceedings are regular, it is the duty of the court to confirm a sale, but in proceedings of this kind, where they are shown to have been irregular, and also where it is shown that the wife of the defendant claimed the property as her homestead, it would be inequitable to require the confirmation of the sale, even though the irregularities were waived by the defendant. The effect of confirmation would be that the purchaser would be compelled to pay the purchase-price, and the judgment being for only $17 and the costs, it would still leave a large sum to be paid to the judgment debtor. After receiving this sum the wife could still claim that the levy and sale were void because the property was her homestead, and the purchaser would get nothing by reason of his purchase.

Under the circumstances we think the court committed no error in setting aside the confirmation and the sale. The defendant was not injured by the transaction; no costs are taxed to him.

It is therefore recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.