JOHN BRIER *et al.* v. J. V. BRINKMAN *et al.*

1. MORTGAGE — *Foreclosure — Sale — Disposition of Proceeds.* The omission, in a judgment foreclosing a real-estate mortgage, of a provision directing what disposition shall be made of any surplus remaining after the costs and liens are paid from the proceeds of the sale, will not work a reversal of the judgment. The court may upon application after judgment direct the payment of the surplus to any party entitled thereto.

2. PLEADINGS, *Sufficient.* The pleadings examined, and *held* to be sufficient to sustain the judgment that was rendered.

*Error from Barton District Court.*

ACTION upon two promissory notes, and to foreclose a mortgage given to secure their payment. Judgment for plaintiff, *Brinkman,* at the June term, 1888. The defendants, *Brier* and another, come to this court. The facts sufficiently appear in the opinion.

*J. D. McFarland,* and *J. B. Larimer,* for plaintiffs in error.

*Maher & Osmond,* for defendant in error Brinkman.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action to foreclose a real-estate mortgage. J. V. Brinkman alleged in his petition that James and Julien Armstrong executed two notes, which had been assigned to him, and on which there was due the sum of $656, and that at the same time they executed a mortgage on a quarter-section of land in Barton county to secure the payment of the amount due on the notes, which mortgage is set out at length. It was alleged that the defendants John Brier, Deborah A. Brier, Joseph Raseley and Sarah Raseley "are the present owners of said real estate, subject, however, to this plaintiff's mortgage lien." The prayer of the plaintiff's petition was that there be found due to him on the notes the sum of $656, and that that sum be declared a first lien

upon the premises; that said premises be sold to satisfy the lien, and that by such sale the defendants shall be cut off from all right, title and interest in and to the premises. In the answer of John Brier, he admitted that he was the owner of the land, but denied all other allegations in the petition. The other defendants, in their answers, disclaimed any interest in or title to the land, so far as they were concerned.

A trial was had by the court and a decree rendered, in which it was found that John Brier had a first lien upon the premises for the sum of $655.70, and that the plaintiff J. V. Brinkman had a lien upon the premises, second only to that of John Brier, for the sum of $683.50. The premises were ordered to be sold and the proceeds applied, first, to the payment of the costs; second, to the payment of the lien of John Brier; and, third, to the payment of the lien of plaintiff; and that all the parties be cut off by such sale from all interest in the land. The plaintiffs in error bring the case to this court upon the transcript of the record, and insist that the pleadings do not warrant the judgment that was entered by the court. As no evidence is contained in the record, we may assume that any facts competent under the pleadings, and which would warrant the judgment, were proven. Counsel for Brinkman suggest the facts to have been that the Armstrongs, who formerly owned the land, executed a note to Brier, and secured its payment by a mortgage upon the land. Afterward the Armstrongs executed another note, which became the property of Brinkman, and secured its payment by a second mortgage on the same land. Subsequently, Armstrong and wife made a quitclaim deed of the land to Brier, and when Brinkman brought this action to foreclose his mortgage, Brier held both mortgage and deed; and hence the allegations concerning his ownership. We think the pleadings warranted proof of Brier's mortgage on the land, and that he acquired a title subsequent to the execution of the Brinkman mortgage. The fact that the mortgage which he held was declared to be a first lien, instead of having the Brinkman mortgage so declared, is certainly not prejudicial to the inter-

ests of Brier. In this respect Brinkman has more reason to complain than the plaintiffs in error. Brier is at liberty to discharge the Brinkman lien and to redeem his land; and if he is the present owner and the land is sold under the decree, he would be entitled to the surplus, if any remains after the costs are paid and liens discharged. The fact that the decree does not in terms provide for the disposition of the surplus will not work a reversal of the judgment. There is full power in the district court, upon proper motion, to direct the disposition of the surplus, and it will award it to Brier if the fact is as has been supposed. The state of the record brought here is such that we can only examine errors apparent upon its face; and, having done so, we reach the conclusion that the pleadings are sufficient to sustain the judgment that was rendered, and that no prejudicial error appears.

The judgment of the district court will be affirmed.

All the Justices concurring.