Fagerstrom v. Keller.

No. 27,336.

Mrs. Georgia T. Fagerstrom, *Appellee*, v. Ray Keller, The Delia
State Bank, *Appellees;* The Fidelity Savings State Bank et al.,
*Appellants.*

(260 Pac. 632.)

SYLLABUS BY THE COURT.

Mortgages — *Foreclosure Sale — Report and Confirmation — Amendment of
Return.* In an action to foreclose a first mortgage, a junior mortgagee and
the holder of a third lien were impleaded. Priorities were decreed and the
property sold. The judgment debtor bid in the property as agent for the
junior mortgagee under an arrangement whereby he was to repurchase it.
The junior mortgagee furnished the money for the purchase price, which
was just enough to satisfy the claims of the first and second mortgages and
costs, leaving nothing for the third lienholder. The latter contended that
the money furnished by the junior mortgagee was merely a loan to the
judgment debtor whereby the prior judgments were satisfied, leaving the
appellant's judgment a subsisting and exclusive lien on the property; but
the trial court, on competent oral testimony, although controverted by
certain evidential circumstances, found that the judgment debtor did not
bid at the foreclosure sale in his own behalf, but as agent for the junior
mortgagee. *Held,* that the trial court's findings of fact were conclusive, and
these findings, together with due consideration to the outstanding equities
of the case, justified the order of the trial court amending the sheriff's re-
turn and confirming the sale over the objections of the third lienholder.

. Appeal from Jackson district court; Martin A. Bender, judge. Opinion
filed November 5, 1927. Affirmed.

*Clad Hamilton* and *Donald A. Campbell,* both of Topeka, for the appellants.

*B. J. Lempenau,* of Topeka, for appellees The Delia State Bank, Ray Keller
and Lillie M. Keller.

*Paul H. Edgar,* of Topeka, for appellee Mrs. Georgia T. Fagerstrom.

The opinion of the court was delivered by

Dawson, J.: This is an appeal from a judgment requiring a
sheriff to amend his return of an order of sale of real estate in fore-
closure and confirming that sale according to the sheriff's return as
amended.

The salient facts were these: The defendant Ray Keller was the
owner of forty acres of Jackson county land covered by a first mort-
gage held by the plaintiff Mrs. Fagerstrom, and by a second mort-
gage held by the Delia State Bank, and incumbered also by a third

Appeal and Error, 4 C. J. pp. 848 n. 36, 876 n. 78.   Mortgages, 42 C. J. p.
219 n. 42.

lien based on a judgment in favor of the Fidelity Savings State Bank.

Mrs. Fagerstrom brought suit to foreclose her mortgage. The second mortgage and the third lienholder were impleaded, and foreclosure was decreed and the property ordered sold to satisfy claims in the order of their precedence, viz.:

*First,* Mrs. Fagerstrom........................................... $1,500.00
*Second,* Delia State Bank........................................ 1,770.00
*Third,* Fidelity Savings State Bank............................. 1,034.46

Pursuant to an order of sale the sheriff sold the property for $3,606.99 to Ray Keller, the judgment debtor, who paid for it on the spot by two checks drawn on the Delia State Bank. Keller's bid was just enough to satisfy the judgments in favor of the first and second mortgagees, together with interest and costs, leaving nothing to apply on the judgment of the Fidelity Savings State Bank. On the day of sale the clerk of the court receipted the docket for the sum of $3,606.99, and the attorney for plaintiff and the cashier of the Delia State Bank likewise receipted the docket for the several amounts due them under the judgment of foreclosure with interest to date of sale.

Within a few days thereafter the Fidelity Savings State Bank lodged objections to the sale, chief of which were these:

"1. That no sale of real estate actually took place as prescribed by law.

"2. That the transaction which took place on said date was in effect a payment by Ray Keller, one of the judgment debtors, of the judgment in favor of plaintiff and the judgment in favor of the Delia State Bank.

.    .    .    .    .    .    .    .    .    .    .    .    .

"4. That the judgment debtor was not authorized by law to buy said real estate at sheriff's sale."

Some time later the Delia State Bank filed a motion to direct the sheriff to amend his return so as to show that the sale was made to it. Issues of fact were joined on this motion and on defendants' written objections to the sale, and the trial court made findings of fact, some of which must be set down here:

"(3) That at the time of said sale the cashier of the Delia State Bank appeared at said sale, prepared to bid the amount due on the first mortgage, with the amount due the Delia State Bank added thereto;

"(4) That immediately prior to said sale the cashier of said Delia State Bank, in order that the same might be more properly carried in said bank, made an arrangement with the defendant Ray Keller, the owner of said real estate, to bid the amount due on the first and second mortgages for said bank;

"(5) That said cashier failed to inform the sheriff of Jackson county, Kansas, at the time of said sale, of such arrangement, and upon the said Ray Keller making a bid for the aggregate of said two first mortgages, the taxes and costs, declared sale of said real estate to be made to Ray Keller, and made his return in accordance therewith;

"(6) That following out said arrangement, the cashier of said Delia State Bank caused said Ray Keller to issue checks to the clerk of the district court for the payment of the various sums included in said bid, drawn upon the Delia State Bank, which checks were thereafter honored by said bank, and paid;

"(7) That immediately after said sale, in addition to the giving of said checks, entry was made upon the books of the clerk of the district court of the payment of said sums by Ray Keller, and in turn, said clerk issued his check to the plaintiff and the Delia State Bank respectively, for the payment of the amount due each;

"(7½) That part of the arrangement between the said Moore [cashier] for the Delia State Bank, and the defendant Ray Keller, was that Ray Keller was to repurchase said real estate after being bid in by the said Delia State Bank.

"(8) That at the time of giving said checks by the said Ray Keller, he had no funds in the Delia State Bank, but the same was to be provided for by the said Ray Keller thereafter making a mortgage in the sum of $2,000 to the Delia State Bank, and another for the balance of said sum, whereby the Delia State Bank was to dispose of said 2,000-dollar mortgage, and carry the other one, so that an excess loan might not be shown upon the books of said bank;

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"(10) The court further finds that the Delia State Bank was in truth and in fact, the purchaser of said real estate at said sheriff's sale."

Pursuant to those findings the court directed the sheriff's return to be amended so as to show that the Delia State Bank was the purchaser at the sale, instead of Ray Keller, and the sale was confirmed accordingly.

The Fidelity State Bank appeals, contending that the evidential circumstances prove that the Delia bank loaned money and credit to Keller with which to make the purchase of the land, and as Keller was the judgment debtor the legal effect of the payment of such purchase price by him was simply to pay his adjudicated indebtedness to the first and second mortgagees—with the ultimate consequence that the appellant bank's judgment remains a primary lien on the forty acres involved. Counsel for appellant say:

"This is another case in which a bank sought to do something for the purpose of making things look like what they are not. . . . There is no doubt about the power of the court to order an officer to amend his return to state the truth; but an application to the court to require an officer to amend his return to state an untruth is believed to be unprecedented."

But to adopt that view, this court would have to disregard the findings of the trial court. And that, of course, we could not do unless those findings were not supported by evidence. But it has hardly been contended that there was no testimony to support the findings. They paraphrased the evidence of the cashier of the Delia bank. However improbable the cashier's testimony may seem under the critical and unsympathetic scrutiny of appellant and its counsel, it is useless to argue that it did not prove, if true, that the bank intended that Keller should buy the land for the bank, and as its agent, and not for himself in the first instance, and that the bank did not intend to loan Keller $3,606.99 to purchase it. The cashier's testimony did tend to show that while the Delia bank did not have a very clear and businesslike project completely planned in advance, it did have a general purpose to sell the land to Keller, and have him give a first mortgage for $2,000 which could be placed with some money loaner or investor and to take a second mortgage to itself for the balance of what the land should cost at the sheriff's sale. In that view of this testimony, which the trial court accepted as true —and it is not an incredible story—the findings of fact will have to stand, for the trial court, not the supreme court, is the fact-finding tribunal. (*Agricultural Ins. Co. v. Ætna Ins. Co.*, 119 Kan. 452, 457-461, 239 Pac. 974.)

Another consideration which properly enters into the matter of confirming a sale of real estate in foreclosure is a due regard for the principles of equity, and these, it seems to us, would be violated by the result for which appellant contends. All the lienholders were impleaded, and their interests and priorities were determined by the judgment. All were advised of the sale as ordered. None was precluded from bidding, nor is it hinted that there was any sharp practice by anybody. Appellant stayed away from the sale because it knew there was no chance for the property to sell for enough to pay the prior liens and some surplus to apply on its adjudicated claim. And notwithstanding the respectable authorities cited by appellant, giving instances where a prior incumbrancer or senior judgment creditor, through some inadvertent fumbling on his part, found his superior right extinguished or supplanted by the inferior right of another, it would not be equitable here to hold that there was no sale, and that the Delia bank merely loaned Keller money to pay

off the judgment claims of the first and second judgment creditors. Certainly the bank had no intention to do anything of that sort. The case at bar does not differ in principle from that of *Stetson v. Freeman,* 35 Kan. 523, 11 Pac. 431, where the sheriff was required to amend his return under a more complicated set of facts and where the equities were not so one-sided as they are here. In *Pool v. Gates,* 119 Kan. 621, 625, 240 Pac. 580, it was said:

"Equitable matters, as distinct from legal questions as to the regularity of the sale, may be considered by the court in passing upon a motion to confirm a sale."

There is a suggestion in appellant's brief that the Delia bank had Keller bid in the land because it wished to avoid the making of an excess loan. We think not. If it did, it took a queer way to avoid it—an ineffective way if the circumstances were to be interpreted as advocated by appellant. Nor can this court discern anything in the entire transaction giving just rise to some suspicion that there was something sinister about the Delia bank's course of conduct which was desirable to cover up. The transaction has none of the earmarks of a scheme to deceive the bank commissioner, if the cashier's testimony is given full credence, as must be done, since the trial court believed it.

There is no plain palpable error in the record which would permit this court to disturb the judgment. It is therefore affirmed.

BURCH, J., not sitting.