JOHN S. RAY v. THE NATIONAL BANK OF KANSAS CITY, MISSOURI, AND JOHN PERRY, *its Receiver*.

No. 512.   (57 Pac. 240.)

PRACTICE, DISTRICT COURT—*Foreclosure—Payment of Taxes*. In a foreclosure suit on a note and real-estate mortgage, after judgment the district court has jurisdiction, upon a supplementary petition, to decree to the plaintiff the payment of taxes out of the proceeds of sale of the mortgaged property, in cases where it is necessary for him to redeem from tax sale to prevent the issuing of a tax deed, and to protect his principal decree.

Error from Wyandotte district court; HENRY L. ALDEN, judge. Opinion filed May 10, 1899. Affirmed.

### STATEMENT.

THE defendant in error had a personal judgment against Ray, and a decree for the foreclosure of a mortgage, with a stay of six months under the statute. The plaintiff in error, before sale under the decree, filed a supplemental answer, in which he prayed the court to determine the rights of the parties respecting certain insurance moneys pledged for the payment of the judgment after its rendition, there having arisen a controversy in respect to the amount thereof to which Ray was entitled as credit upon the judgment. Defendant in error filed a reply thereto, and in connection therewith a supplemental petition setting up the redemption of the property foreclosed from a tax sale. It alleged facts tending to show the necessity therefor, that a deed was to be made to the tax purchaser by the county authorities, conveying the title in fee to the purchaser at the tax sale, whereby it would be deprived of all benefit of its decree unless such redemption was made, and asked that it be allowed therefor by a supplemental decree, or order, for the payment of the same out of the money arising from the sale thereafter to be made of the mortgaged property. Upon these supplemental pleadings issues were joined by the respective parties and came on to be heard together. The court determined the amount for which the defendant was entitled to credit on account of the proceeds of the insurance policies, which was unsatisfactory to the defendant Ray, and upon the supplemental petition of the plaintiff determined that it was entitled to its supplemental order or decree for the payment of the taxes out of the proceeds of the

sale, which was likewise unsatisfactory to the defendant Ray, and therefrom he files his petition in error, and makes the following assignments of error : (1) In rejecting testimony in his behalf ; (2) in allowing the defendant in error attorney's fees on account of a suit brought to collect the insurance money ; (3) in refusing to allow the plaintiff in error to impeach an award of arbitrators respecting the amount due on insurance policies by reason of the damage occasioned by the fire, which occurred after the decree of foreclosure ; (4) in allowing the defendants in error the redemption money to be paid out of the proceeds of the sale of the mortgaged premises.

*J. A. Smith*, for plaintiff in error.

*F. D. Mills*, and *Porterfield & Pence*, for defendants in error.

The opinion of the court was delivered by

MAHAN, P. J. : The record does not sustain either the first or third assignment of error. The plaintiff in error was ultimately permitted to introduce all the evidence which is the basis of the first assignment, but offered none under the third assignment. Under the second assignment of error, it is contended by the plaintiff in error that the transfer of the insurance policy, taken out and held by Ray, to the defendant in error, was to be taken as an absolute payment of the amount thereof, namely, $800. It was contended on behalf of the defendant in error that the transfer of the policy was as collateral security to the judgment, and was not as payment at the face value of the policy. Upon the evidence the court found for the defendant in error, and so finding, it was proper to

allow the necessary expenses of collecting the policy, including a reasonable attorney fee, and in this the evidence sustains the action of the court. Under the fourth assignment, it is contended that, there having been a judgment and decree of foreclosure upon the note and mortgage, the mortgage was merged in the judgment, and being so merged no longer afforded the defendant in error any ground for relief; that he could not predicate upon any of the conditions of the mortgage any act that might have been justified thereunder prior to the decree. In support of this contention we are cited to the case of *McCrossen v. Harris*, 35 Kan. 178, 10 Pac. 583. The rule announced in that case was embodied in the syllabus, as follows:

"Where a mortgage of real estate is merged into a judgment, which includes all the taxes due upon the land at the date of its rendition, the payment by the judgment creditor of taxes accruing on the premises after the judgment will not constitute a separate and independent lien on the land, which can be enforced by action, after the judgment debtor has satisfied the judgment, interest, and costs."

In the course of the opinion the court said:

"Under some circumstances perhaps a party might pay the taxes for the protection of his lien, and for such payment equity might give him a lien in connection with the judgment; but such a case is not presented. All of the taxes prior to 1883 were included in the judgment. For the protection of his judgment lien, it was not necessary to pay the taxes of 1883."

The court further said in the opinion that at the time the plaintiff paid the taxes the mortgage had been extinguished by being merged into the judgment; therefore the taxes were not a lien in connec-

tion with the mortgage.  At the conclusion of the opinion the court said :

" It seems very unjust that the plaintiff should pay these taxes and not be able to recover the amount thereof.   But as the payment must be regarded as voluntary the law does not give. a remedy."

It will be observed that this was not a supplementary proceeding in the case in which the decree was rendered, in the nature of a bill of review under the old chancery practice, but an independent action to recover the money paid after the decree, and begun after the satisfaction of the judgment.   That the defendant in error had a right before the decree of foreclosure to redeem the land and charge the same, either under the statute or under the terms of the mortgage, to the plaintiff in error there is no doubt.   Nor is there any doubt that a court of equity has a right, before the final determination of the suit, to make additional orders or decrees based upon the rights of the parties respecting the matter in litigation.   It may even bring in additional parties, whose presence may be necessary for such purpose, so that the relief asked by the supplementary bill or petition is connected with and based upon the original cause of action or subject-matter of the suit.   Under the evidence it was necessary, and the court so found, in effect, that this redemption should be made, to preserve to the defendant in error any benefits under the decree.

Supplemental bills in the nature of bills of review, based upon matters arising under the principal decree, and before the final determination of the case and the enrolment of the decree, were of frequent occurrence under the old chancery system, and that the right still exists there can be no doubt.   Although by the terms of the code all distinctions between law and

equity have been abolished, this did not abolish the right — the jurisdiction — of the court to grant such relief upon proper occasion, and it seems to us clear that this was such an occasion.

The judgment is affirmed.