## R. D. McCROSSEN v. EDMOND HARRIS, *et al.*

MORTGAGE, *Merged into Judgment; Subsequent Taxes.* Where a mortgage of real estate is merged into a judgment, which includes all the taxes due upon the land at the date of its rendition, the payment by the judgment creditor of taxes accruing on the premises after the judgment will not constitute a separate and independent lien on the land, which can be enforced by action, after the judgment debtor has satisfied the judgment, interest, and costs.

### *Error from Wyandotte District Court.*

ACTION brought by *McCrossen* against *Harris* and others, to recover taxes paid by plaintiff upon certain lots, and to have the same declared a lien thereon. Judgment for defendants at the December Term, 1884. The plaintiff brings the case here. The facts sufficiently appear in the opinion.

*D. B. Hadley*, for plaintiff in error.

*Nathan Cree*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: Edmond Harris and his wife Maria, on June 2, 1880, executed a mortgage to R. D. McCrossen upon lots 3 and 4, in block 94, in the city of Wyandotte, in this state, to secure the payment of a note for $275 with interest. On January 3, 1883, McCrossen obtained a judgment of foreclosure of the mortgage, and in the judgment the taxes then due on the premises were decreed to be a lien thereon. It was

also provided in the decree that if McCrossen should pay such taxes, he should be repaid out of the sale of the property. Appraisement having been waived in the mortgage, the sale, under the decree of foreclosure, was stayed six months. A sale was made December 3, 1883, but on account of informalities this was set aside. On December 20, 1883, McCrossen paid $41.58 for taxes upon the premises upon which the judgment was a lien. On February 15, 1884, he filed his precipe for an *alias* order of sale upon the judgment, but before it was placed in the hands of the sheriff, Edmond Harris paid off the judgment, interest, and costs, and all taxes up to and including those assessed for 1882, but refused to repay plaintiff the taxes of 1883. This action was brought to recover the taxes so paid by him, and to declare the same a lien upon the premises. The premises were subsequently sold to George Gruble, and Gruble and his wife mortgaged the property to Adeline Crane to secure the sum of $500. The petition charged that George Gruble and Adeline Crane took their conveyances with full knowledge of the alleged lien of McCrossen.

At the time the plaintiff paid the taxes, the mortgage had been extinguished by being merged into the judgment; therefore the taxes were not a lien in connection with the mortgage. Therefore no action can be maintained to recover these taxes upon any of the covenants of the mortgage, nor upon the provisions of § 148, ch. 107, Comp. Laws of 1879, permitting a mortgagee to pay taxes where the mortgagor fails or neglects so to do. ( *Vincent v. Moore,* 17 N. W. Rep. 81; *Hitchcock v. Merrick,* 18 Wis. 375; *Johnson v. Payne,* 11 Neb. 269.) After the judgment was rendered, the amount thereof was a specific lien upon the real estate described therein. Under some circumstances perhaps a party might pay the taxes for the protection of his lien, and for such payment equity might give him a lien in connection with the judgment; but such a case is not presented. All of the taxes prior to 1883 were included in the judgment. For the protection of his judgment lien, it was not necessary to pay the taxes of 1883. Section 56, of

chapter 107, Comp. Laws of 1879, provides that where any real estate is sold at judicial sale, the court shall order all taxes and penalties thereon against the land to be discharged out of the proceeds of the sale. Therefore if the plaintiff had not paid the taxes of 1883, and if a sale had been made of the premises, the taxes would have been satisfied out of the proceeds. (Sec. 56, ch. 107, *supra*.) If the plaintiff had not paid the taxes at the time the judgment debtor paid the judgment and costs, the taxes would no longer have been of any concern to him. There is no allegation in the petition that the real estate was insufficient security for the judgment lien, or any other special facts set forth showing the necessity for the payment of the taxes, after judgment, to protect the judgment lien. Under the circumstances, we must regard the payment of the taxes by plaintiff as voluntary, and such payment will not support an action to constitute the taxes so paid a separate and independent lien on the land. It seems very unjust that the plaintiff should pay these taxes and not be able to recover the amount thereof. But as the payment must be regarded as voluntary, the law does not give a remedy.

The judgment of the district court will be affirmed.

All the Justices concurring.