No. 19,067.

WILLIAM ROBINSON, *Appellant*, V. ELI KENNEDY (ANNIE GRISWOLD, *Appellee*).

### SYLLABUS BY THE COURT.

CONFIRMATION OF SALE. On a motion to confirm a sale where the proceedings are in all respects regular and in conformity with law, and there is no showing of any equitable grounds for setting it aside, it is the duty of the court to order confirmation.

Appeal from Wyandotte district court, division No. 3; HUGH J. SMITH, judge. Opinion filed December 12, 1914. Reversed.

*T. P. Anderson,* and *C. O. Littick,* both of Kansas City, for the appellant.

*William B. Sutton,* and *William B. Sutton, jr.,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

PORTER, J.: This is an appeal from a ruling of the district court refusing to confirm a sale of real estate.

The appellant was plaintiff in an action against Kennedy to recover damages. When the action was commenced he caused an attachment to be levied upon certain real estate as the property of Kennedy. Judgment was taken by default; the attachment was sustained and the property ordered sold to satisfy the judgment. Thereafter, on March 5, 1913, an order of

sale of the attached property was issued under which the sheriff advertised and sold the same. The sheriff made a return showing his proceedings under the order of sale, and the appellant filed a motion to have the sale confirmed. Before a ruling was had on this motion Annie Griswold, the appellee, filed a motion to set aside the sale, alleging that the attachment proceedings and the sale were irregular and void, and that the defendant Kennedy had no title or interest in the real estate. Both motions came on for hearing at the same time. The journal entry recites that the attorneys for the appellee stated in open court that she had no proof to offer in support of the statements contained in her motion, and thereupon by her consent the motion to set aside the sale was by the court stricken from the docket. At the same time the court overruled appellant's motion to confirm the sale.

In the brief of Annie Griswold, appellee, it is stated that on the hearing of the motion to confirm her counsel called the attention of the court to the fact that the sale purported to be a sale of the whole title instead of the interest of the judgment creditor, and that thereupon the court examined the papers and stated that the proceedings were not in accordance with the court's order, which was to sell the interest of Kennedy, and that thereupon the court refused to confirm the sale. None of the facts relied upon by the appellee is shown in the abstract. In her brief it is suggested that it was the duty of the appellant to bring up the complete record and satisfy this court that there was no possible ground for the action of the court in refusing to confirm. On the contrary, if the abstract prepared by the appellant was not complete, or if it failed to set out portions of the record upon which the appellee desired to rely, it devolved upon her to prepare a counter-abstract. As the case is presented to us, it shows the refusal of the court to confirm a sale which the record, including the order of sale and

the return of the sheriff, shows to have been regular in all respects, and with no showing of any grounds authorizing interference by a court upon equitable grounds. As said in *Bank v. Murray*, 84 Kan. 524, 114 Pac. 847:

"Prior to 1893 the statute required confirmation when the sale had in all respects been made 'in conformity to the provisions of this article.' (Gen. Stat. 1868, ch. 80, § 458, Gen. Stat. 1889, § 4556.) But the legislature of 1893 amended this section and provided that the sale shall be confirmed if the court 'finds the proceedings regular and in conformity with law and equity.' (Laws 1893, ch. 109, § 26, Code 1909, § 500.)" (p. 528.)

The court has a discretion whether to order the sale confirmed or not, but the discretion must be exercised upon equitable principles, and not arbitrarily. (*Bank v. Murray*, supra.)

If there was any mistake in the entry of the original judgment the court has power at any time to order it corrected to speak the truth; but no reason appears for refusing to confirm the sale.

Counsel for appellant practically concede that Kennedy has only an equitable interest in the real estate attached; but it is said that at the time the suit was brought and the attachment levied they proceeded upon the assumption that he owned the absolute title. It is true, as they suggest, that appellant could acquire by the attachment only a lien upon whatever Kennedy's interest in the property was, and could sell nothing more than his interest in the property.

Reversed with directions to confirm the sale.