# JULY TERM, 1916.

*PRESENT:*

Hon. WILLIAM A. JOHNSTON, Chief Justice.
Hon. ROUSSEAU A. BURCH,
Hon. HENRY F. MASON,
Hon. SILAS W. PORTER,
Hon. JUDSON S. WEST,          } Justices.
Hon. JOHN MARSHALL,
Hon. JOHN S. DAWSON,

No. 20,134.

The First National Bank of Parsons, *Appellee,* v. Mattie
E. Kennedy et al., *Appellants;* E. B. Stevens, Interpleader,
*Appellee.*

Appeal from Labette district court; Elmer C. Clark, judge.
Opinion denying a rehearing filed July 1, 1916.   (For original
opinion of affirmance see *ante,* p. 51, 157 Pac. 417.)

*Archie D. Neale,* of Chetopa, for the appellants.

*C. J. Taylor, E. L. Burton,* and *J. W. Iden,* all of Parsons,
for the appellee.

## OPINION DENYING A REHEARING.

The opinion of the court was delivered by

West, J.: Counsel for the appellants complains that the
opinion (*Bank v. Kennedy,* ante, p. 51, 157 Pac. 417), referred
to the amended sheriff's return as having been offered in evi-
dence.   The counter-abstract so stated, and this was not chal-
lenged.   (Civ. Code, § 576; *Readicker v. Denning,* 86 Kan. 79,
80, 119 Pac. 533.)   Section 81 relates only to service of sum-
mons by publication and not to judicial sales.   Counsel states
with his usual fairness that "Had appellee offered in evidence
amended return of sheriff showing the publication in each and
every paper continuously from January 22 to February 23 I

would think there could not be any question as to its being legally published."

He adds that this was not done and that it is not claimed by the appellee that it was done. The counter-abstract was filed March 30. In his reply brief, filed April 1, counsel argued that the sheriff's return could not overturn the affidavit of the printer, and while attention was therein called to the statement in the abstract that no further evidence than the notice of sale and affidavit was offered, still no other or direct challenge to the counter-abstract was made. The court must examine the proceedings before confirming a sale (Civ. Code, § 500), and the return is certainly a part of such proceedings.

Rule 10a of this court, considered in the cited decision in *Railway Co. v. Conlon*, 77 Kan. 324, 94 Pac. 148, has been superseded by Rule 5.

The former opinion will be unchanged.