No. 22,467.

THE FARMERS LIFE INSURANCE COMPANY, *Appellee,* v. S. STEGINK et al. (E. H. PARVIN, *Appellant*).

### SYLLABUS BY THE COURT.

MORTGAGE FORECLOSURE—*Judicial Sale—Confirmation—Judicial Discretion.* Where a sale of mortgaged property has been conducted in substantial conformity with law, but the sale price was greatly below its true value, the trial court is authorized to withhold confirmation of the sale and to set it aside as inequitable, under section 500 of the civil code—following *Bank v. Murray*, 84 Kan. 524, 528, 114 Pac. 847; *Robinson v. Kennedy*, 93 Kan. 514, 516, 144 Pac. 1002; *Anschutz v. Steinwánd*, 97 Kan. 89, 90, 154 Pac. 252; *Norris v. Evans*, 102 Kan. 583, 590, 171 Pac. 606.

Appeal from Hodgeman district court; ALBERT S. FOULKS, judge. Opinion filed May 8, 1920. Modified and affirmed.

*Roscoe H. Wilson,* of Jetmore, for the appellant.

*W. M. Glenn,* of Tribune, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This appeal presents a question touching the authority of a district court to set aside a sheriff's sale of land which had been subjected to foreclosure.

The plaintiff was the mortgagee in possession of a quarter section of Hodgeman county land. The appellant, Parvin, was a tenant holding under the plaintiff. The mortgagor is not before this court.

When foreclosure was decreed and sale ordered, the attorney for the plaintiff mailed to the clerk of the court a præcipe for an order of sale, together with a suitable form of order of sale, a clerk's notice of sale, and also suggested a date for the sale—

February 4, 1919. He also prepared a form of sheriff's return. The plaintiff also requested the clerk to notify him of the issuance of the order of sale. The clerk complied with this request, but owing to absence of the attorney from home, he did not receive the clerk's letter until February 5. The clerk had adopted the date suggested by plaintiff's attorney as the sale date, and the sheriff sold the land on February 4 to Parvin, the plaintiff's tenant, for $500, as Parvin was the only bidder.

On March 8, the plaintiff filed a motion to set aside the sale; the appellant moved to confirm it. The plaintiff's motion set out the facts—want of actual notice of the date of the sale, the request to be advised of date, alleged inadequacy of price, and that plaintiff would have bid $1,600 for the land, and that it would yet bid that sum if the sale were set aside. The motion also recited the facts touching plaintiff's possession and appellant's occupancy of the land as plaintiff's tenant—if that feature was significant.

The trial court denied appellant's motion to confirm the sale, and sustained plaintiff's motion to set aside the sale. Findings of fact were also made, holding that everything was regular touching the sale, but that—

"The evidence showed that the plaintiff was willing to make a bid of $1,600 for the real estate involved. And the court as conclusions of law finds there was no fault on the part of Mr. Parvin, and further finds that it would work a great hardship on the plaintiff to have this land sold for less than one-third of its judgment and for such an inadequate price as this sale, and that the motion to set aside the sale should be sustained and that the motion to confirm should be denied."

Parvin, the purchaser, appeals.

Prior to 1893, when the original code section 458 (Gen. Stat. 1868) was amended, this court had repeatedly held that mere inadequacy of price was not a sufficient reason for refusing to confirm a sheriff's sale under a mortgage foreclosure, nor sufficient to require that the sale be set aside. (*Capital Bank v. Huntoon,* 35 Kan. 577, 591, syl. ¶ 5, and citations, 11 Pac. 369; *Beverly v. Barnitz,* 55 Kan. 466, 484, 42 Pac. 725), yet even before that amendment very slight circumstances in addition to inadequacy of price were sometimes held sufficient to justify the trial court in setting aside the sale. (*Dewey v. Linscott,* 20 Kan. 684, syl. ¶ 3; *Means v. Rosevear,* 42 Kan. 377,

syl. ¶ 1, 22 Pac. 319; *Fowler v. Krutz,* 54 Kan. 622, 38 Pac. 808; *Wolfert v. Milford Savings Bank,* 5 Kan. App. 222, 47 Pac. 175.)

The revised code now provides:

"The sheriff shall at once make a return of all sales made under this act to the court; and the court, if it finds the proceedings regular *and in conformity with law and equity,* shall confirm the same, and direct that the clerk make an entry upon the journal that the court finds that the sale has in all respects been made in conformity to law, and order that the sheriff make to the purchaser the certificate of sale or deed provided for in this act." (Civ. Code, § 500; Gen. Stat. 1915, § 7404.) [Italics ours.]

In later cases, where this subject has required this court's attention, due significance has been given to the broader equity powers which the revised code seems to indicate that the trial court should exercise. Thus in *Robinson v. Kennedy,* 93 Kan. 514, 516, 144 Pac. 1002, it was said:

"The court has a discretion whether to order the sale confirmed or not, but the discretion must be exercised upon equitable principles, and not arbitrarily. (*Bank v. Murray,* 84 Kan. 524, 114 Pac. 847.)"

Again, in *Anschutz v. Steinwand,* 97 Kan. 89, 90, 154 Pac. 252, it was said:

"Under the present statute a sale may be set aside, although regularly made in accordance with law, upon equitable grounds. (*Bank v. Murray,* 84 Kan. 524, 114 Pac. 847.)"

In *Bank v. Murray,* just cited, the court said:

"Prior to 1893 the statute required confirmation when the sale had in all respects been made 'in conformity to the provisions of this article.' (Gen. Stat. 1868, ch. 80, § 458, Gen. Stat. 1889, § 4556.) But the legislature of 1893 amended this section and provided that the sale shall be confirmed if the court 'finds the proceedings regular and in conformity with law and equity.' (Laws 1893, ch. 109, § 26, Code 1909, § 500.)" (p. 528.)

In *Norris v. Evans,* 102 Kan. 583, 590, 171 Pac. 606, it was said:

"Since the procedure in confirmation of sales was amended in 1893 (Laws 1893, ch. 109, § 26; see Civ. Code, § 500), the trial court is not expected to close its ears to all equitable considerations and confirm a sale as a matter of course, merely because the record shows no irregularity in the movement of the judicial machinery by which the sale was accomplished."

From this review of this court's decisions (which only cites a typical few), it may be said that, with the aid of the revised

code, section 500, the law now is that a wide discretion is conferred on the trial court touching the confirmation or setting aside of sheriff's sales in foreclosure; and the old rule that mere inadequacy of price is insufficient to set aside a sale or withhold confirmation is largely abrogated by the later rule of the code which charges the trial court, before confirming a sale, to determine whether the proceedings were not only regular but "in conformity with law and equity."

It seems to this court that the inadequacy of price in this case was comparatively great; and that the trial court was justified in setting the sale aside as inequitable. Certainly, at least, no abuse of discretion is disclosed.

A minor point is urged by appellant, that without fault on his part, he will be "out the use of his money for a year." It is his own fault that he has been out of his money so long. But he is entitled to legal interest from the time he paid it until the time the trial court set aside the sale. That matter can still be remedied by the district court; and when that small detail is corrected, the judgment will be affirmed.