No. 24,347.

THE FIDELITY AND DEPOSIT COMPANY OF MARYLAND, *Appellee*, v. A. A. HELWIG, *Appellant* (W. A. DUNN et al., *Appellees*.)

### SYLLABUS BY THE COURT.

SURETYSHIP — *Priority in Payment — Subrogation — Marshaling of Assets — Homestead*. A building contractor secured the surety on his bond by an assignment of the money to become due by virtue of the building contract, and by a mortgage on his homestead. The contractor's partner in the building contract sued the contractor for an accounting, obtained judgment, and by garnishment procured a sum of money due on the contract to be paid into court. The surety paid judgments rendered against itself, and the partners in favor of subcontractors. The partner contested with the surety for the fund paid into court. The contractor asserted his homestead privilege. *Held*, the surety was entitled to be paid first, and the partner was not entitled to a marshaling of the surety's securities, or to subrogation to the surety's mortgage security.

Appeal from Douglas district court; HUGH MEANS, judge. Opinion filed March 10, 1923. Affirmed.

*George K. Melvin*, and *R. E. Melvin*, both of Lawrence, for the appellant. *C. H. Hobart*, and *C. A. Smart*, both of Lawrence, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one by the surety on a building contractor's bond to recover for expenditures made in discharge of liability created by the bond, and for other relief. The plaintiff prevailed, and the defendant Helwig appeals.

Dunn entered into a contract with a school board to erect a schoolhouse. Helwig participated with him in the enterprise in such a way that, for all purposes of this case, they were partners. Dunn was required to give a contractor's bond, and both Dunn and Helwig applied to the plaintiff to become surety. The written application of Dunn assigned to the plaintiff all money to become due by virtue of the construction contract, and the bond was executed and delivered. As further security to the plaintiff, Dunn executed and delivered to the plaintiff a mortgage on his homestead. Helwig sued Dunn for an accounting, garnished the school board, and the school board paid into court the sum of $1,026. Helwig recovered judgment against Dunn for $524. Subcontractors' judgments against Dunn, Helwig, and the plaintiff, were paid by the plaintiff, and the prayer of its petition was for reimbursement and for attorney fees and expenses. Dunn asserted his homestead privilege. The judgment was that out of the money in the hands of the clerk of the court, the plaintiff be paid $924, and that Helwig be paid the balance remaining after payment of costs of the action.

Complaint is made because Helwig was not paid first. The complaint is without merit.

Complaint is made because the plaintiff was not required to exhaust its mortgage security before resorting to the fund in court, and because, that fund having been practically exhausted by the plaintiff, Helwig was not subrogated to the mortgage security held by the plaintiff. To save the plaintiff harmless, Helwig and Dunn assigned to the plaintiff the fund to which it resorted. Helwig could acquire no lien on that fund by his garnishment which would impair the assignment, and Dunn's homestead could not be taken, over his objection, to pay the plaintiff, while the firm had assets sufficient for the purpose. When Dunn gave the mortgage on his homestead, he waived his homestead privilege in favor of the plaintiff only, and not in favor of other creditors, and the court was without authority, by subrogation or otherwise, to extend the waiver.

Some other matters referred to in Helwig's brief are not of sufficient importance to require discussion, and the judgment of the district court is affirmed.