No. 26,909.

The Prudential Insurance Company of America, *Appellee*, v.
Harry M. Clark, H. E. Wright, H. S. Bruner, W. J. Rumold;
John E. Wheeler, Trustee in Bankruptcy of the Estate of Harry
M. Clark and Mary Clark, Bankrupts; J. E. Shulley and
Myrtle Smith, Guardian, *Appellees*, and C. G. Devore, *Appellant*.

SYLLABUS BY THE COURT.

Homesteads—*Rights of Mortgagee—Sale in Gross.* Persons who own real property which they occupy as their homestead, who voluntarily execute a mortgage thereon to secure the payment of a valid debt thereby waive their homestead rights to such mortgagee for the purpose and to the extent necessary to secure the payment of such debt, and they cannot thereafter assert their homestead rights in such a manner as to defeat the payment of such debt.

Appeal from Marion district court; Cassius M. Clark, judge. Opinion filed December 11, 1926. Reversed.

*W. H. Carpenter* and *W. R. Carpenter,* both of Marion, for the appellant.

*Bennett R. Wheeler, S. M. Brewster* and *John L. Hunt,* all of Topeka, for appellee The Prudential Insurance Company of America; *T. A. Noftzger, George W. Cox, W. J. Masemore* and *R. L. NeSmith,* all of Wichita, for appellees Harry M. Clark and Mary Clark.

The opinion of the court was delivered by

Harvey, J.: This is an appeal from an order setting aside a judicial sale in a foreclosure proceeding, also an appeal from a later order confirming a later judicial sale in the same case. The facts giving rise to the controversy before us are substantially as follows:

C. G. Devore owned a farm of 400 acres in Marion county, described as follows: The west half of the northwest quarter, and the southwest quarter of section twenty-six, and the southeast quarter of section twenty-seven, all in township twenty, range four. The land lies together in one block and is used as one farm. He sold this farm to Harry M. Clark. Clark and wife executed a first mortgage upon the entire 400 acres to the Prudential Insurance Company. They also executed a second mortgage on the same land to W. J. Rumold. They also executed a third mortgage upon the same land to their vendor, C. G. Devore. Default having been made, the mortgages were foreclosed. The decree entered May 26, 1925, gave

Homesteads, 29 C. J. p. 954 n. 3; 13 R. C. L. 656.

the insurance company a personal judgment against the mortgagors for $17,752 and decreed the same to be a first lien upon all the land; gave W. J. Rumold a similar judgment for $717.32, and decreed the same a second lien upon all the land; and gave C. G. Devore a similar judgment for $4,515.43, and decreed the same to be a third lien upon all the land. The decree further provided that in default of payment within ten days of the several judgments an order of sale should issue out of the court directed to the sheriff, commanding him to advertise and sell all the real property above described, and to apply the proceeds arising from the sale, first, in the payment of costs and taxes; second, in the payment of the amount found due the insurance company, with interest; third, in payment of the amount found due W. J. Rumold, with interest; fourth, in payment of the amount found due C. G. Devore, with interest. An order of sale conforming to the judgment was issued and the property was advertised for sale. Neither the judgment, the order of sale, nor the advertisement, made any provision for the sale of the land in separate tracts. The sheriff, however, did offer the land for sale in separate tracts, as follows:

Tract No. 1. West half of northwest quarter section twenty-six, for which he received a bid of $2,000.

Tract No. 2. East half or southwest quarter of section twenty-six, for which he received a bid of $2,400.

Tract No. 3. The north half of the southeast quarter of section twenty-seven, for which he received a bid of $2,400.

Tract No. 4. The south half of the southeast quarter of section twenty-seven, and the west half of the southwest quarter of section twenty-six, for which he received a bid of $11,889.23; making a total of $18,679.23.

He then offered the land as a whole, and received a bid of $23,256.85 from W. J. Rumold, and sold the entire land to him for that sum. This sale was reported to the court and plaintiff moved to confirm it. Clark and wife then appeared and moved to set aside the sale, for the reason that they claimed as their homestead the tract hereinbefore described as tract No. 4, and desired it to be sold separately. The court sustained the motion to set aside the sale, but made no specific order for the sale of the land in tracts. A second order of sale was issued under the date of September 2, 1925, and the sheriff gave notice of such sale. Neither this order of sale nor notice made any

mention of selling the land in separate tracts. The sheriff, however, did sell the land in separate tracts, as previously described, as follows:

Tract No. 1 to W. J. Rumold for $1,050.

Tract No. 2 to W. J. Rumold for $1,300.

Tract No. 3 to W. J. Rumold for $1,200.

Tract No. 4 to the Prudential Insurance Company for $15,558.46.

These sales aggregated $19,108.46, about enough to pay the insurance company and Rumold, leaving nothing to pay Devore. There was a motion to confirm this sale. Devore moved to set it aside. Upon the hearing of these motions it was shown, among other things, that Clark and wife had been adjudged bankrupt. They presented a copy of the order of adjudication and asked to be relieved from personal liability upon the judgments previously rendered against them. An order to that effect was made. The court confirmed the sale. Devore has appealed from the order setting aside the first sale, also from the order confirming the second sale. He contends that the action of the court was inequitable and unjust to him and should be reversed. The contention must be sustained.

In accordance with the statute (R. S. 60-3463) the trial court should confirm a judicial sale "if it finds the proceedings regular and in conformity with law and equity." This authorizes the court, even when the proceedings are regular and in conformity to law, to refuse to confirm a sale for equitable reasons, that is, for reasons which would justify a chancellor sitting in a court of equity in passing upon the matter. It does not authorize the refusal to confirm a sale for reasons that are not supported by the law or for reasons that are not in conformity with equity. (*Bank v. Murray,* 84 Kan. 524, 528, 114 Pac. 847; *Robinson v. Kennedy,* 93 Kan. 514, 516, 144 Pac. 1002; *Norris v. Evans,* 102 Kan. 583, 590, 171 Pac. 606; *Insurance Co. v. Stegink,* 106 Kan. 730, 189 Pac. 965; *Pool v. Gates,* 119 Kan. 621, 240 Pac. 580.)

Taking up for consideration the first sale which was set aside by the court: It is conceded that the proceedings were regular and that the sale had been conducted in accordance with law. If the court was justified in setting it aside it was for equitable reasons. It is contended in support of the ruling of the court that the claim of homestead as to a part of the land (tract No. 4, as hereinbefore described) on the part of Clark and his wife, and their homestead rights thereto, are equities which outweigh the rights of the mort-

gagee Devore. This is not true when the assertion of such homestead rights, under such circumstances, is to defeat payment of the mortgage debt to the mortgagee. Homestead rights, and the assertion thereof, are superior, both in law and in equity, to the rights of general creditors. (*Colby v. Crocker*, 17 Kan. 527.) They are also superior to the rights of the holder of a judgment lien. (*La Rue v. Gilbert*, 18 Kan. 220.) But when persons own and occupy a homestead, and voluntarily execute a mortgage thereon to secure the payment of a valid debt, they waive their homestead rights in favor of such mortgagee, and they cannot thereafter assert such homestead rights when the effect thereof is to defeat the payment of such mortgage debt to such mortgagee. To permit them to do so would not accord either with law or with equity. And this is true whether the mortgage covered the homestead alone, or the homestead and other real property. (*Chapman v. Lester*, 12 Kan. 592; *Colby v. Crocker*, supra; *La Rue v. Gilbert*, supra; *Frick Co. v. Ketels*, 42 Kan. 527, 22 Pac. 580; *Fraser v. Seeley*, 71 Kan. 169, 79 Pac. 1081; *Fidelity and Deposit Co. v. Helwig*, 113 Kan. 174, 175, 213 Pac. 666.)

In *Frick Co. v. Ketels*, supra, the wording of the syllabus would appear to be opposed to this view, but it will be noted in that case that the claim of the mortgagor of his homestead rights did not result in the defeat of the payment of the mortgage debt. It is true that a court of equity, in the foreclosure of a mortgage covering homestead and other property, may decree that the nonexempt property be sold first, and if the debt be paid from the sale of such property that there should be no sale of the homestead, and that the homestead be sold only in the event the other property is insufficient to pay the debt. And this may be done even if the result is that general creditors or holders of ordinary judgment liens are unable to receive payment because the property of the debtor is exhausted. And a mortgagee whose mortgage covers the homestead and other real property cannot complain of such an order if in fact he receives payment of the mortgage debt. But if the effect of such an order on the mortgagee who has a mortgage on the homestead and other property is to defeat the payment of his mortgage debt, then the order becomes inequitable as to him. The owners of the homestead, having waived their homestead right by giving a mortgage thereon in order to receive money from the mortgagee, cannot be heard later to assert a homestead right to defeat the payment to

the mortgagee. As zealous as this court is, and always has been, to recognize and preserve homestead rights, as is proper, there has been no case in which the mortgagors of a homestead have been permitted thereafter to assert against the mortgagee their homestead right when the result of such assertion was to defeat the payment of the mortgage debt.

Applying this rule to the situation before us, Clark and wife owned this 400-acre tract, which they used and occupied as their home. They voluntarily mortgaged it as a whole to three separate parties to secure valid indebtedness. Default being made on the mortgages, they were foreclosed, with appropriate judgments and decrees, and the entire property was ordered sold. When sold in gross it brought enough money to pay all of the mortgage debts. When the Clarks asserted their homestead rights to 160 acres of it, and the sheriff acceded to their request to sell the land in parcels, although he had no order from the court to do so, the separate parcels did not bring enough at either of the sales at which that was attempted to pay the mortgage debts. The Clarks had been relieved of personal liability to Devore by the bankruptcy proceedings. The result of confirming a sale in parcels was to permit the Clarks, upon an assertion of their homestead rights, to defeat the payment of the debt to a mortgagee to whom they had specifically waived their homestead rights. This is inequitable and should not be permitted to stand.

Appellees contend that in view of the statute pertaining to redemption, the mortgagee is not injured, and therefore cannot complain. A complaint of the sale of tracts of land for less than they were worth was held, in *Fraser v. Seeley,* supra, not to be detrimental to the complaining party, in view of the redemption statute. It is not pointed out how the doctrine of that case would be applicable here. Certainly any argument thereon would be speculative in the extreme, and we see no equitable basis upon which to apply it. But it is argued that Clark and wife were adjudged bankrupts, and by order of the bankruptcy court their right to redemption in the 400-acre tract of land, exclusive of the portion selected by them for their homestead, was sold, and for this reason there should be a separate sale of the homestead in this case. The bankruptcy proceedings were voluntary. If it is inequitable for the mortgagors to assert their homestead interest in the foreclosure proceedings in such a way as to defeat a mortgagee to whom they had waived such

rights, it is inequitable for them to do it by voluntary proceedings in bankruptcy, or by any other voluntary act.

In the note, 44 A. L. R. 758 to 769, a number of cases are collected upon the marshaling of assets as affected by homestead laws. In the cases there cited we found none identical on the facts with the case before us, but we regard the conclusion here reached as in accord with the underlying equitable principles in all, or at least, the great majority of them.

The judgment of the court below will be reversed, with directions to set aside the order of November 6, 1925, confirming the sheriff's sale, also the order of August 20, 1925, setting aside the sheriff's sale, and with directions for the court to sustain the motion of plaintiff to confirm the sheriff's sale made on July 18, 1925.