No. 32,953

THE AETNA BUILDING AND LOAN ASSOCIATION, *Appellee,* v. H. J. REVEREND, *Appellant,* and MRS. H. J. REVEREND, His Wife, LUCILE ADAMS, and L. C. DAY (Defendants).

(58 P. 2d 1138)

Opinion filed July 3, 1936.

*Stanley W. Howe,* of Florence, for the appellant.

*John S. Dean, John S. Dean, Jr., Mark L. Bennett,* all of Topeka, and *Roscoe King,* of Marion, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action to recover on two promissory notes and to foreclose two mortgages on certain town lots in Florence which had been executed as security therefor.

Plaintiff's petition set up two causes of action, the *first* of which was for $7,000 and interest thereon, and to foreclose the related mortgage on lots 406 and 408 on Main street, in the city of Florence. The second note, which was for $5,000 and interest, was the basis of the *second* cause of action. Foreclosure of the mortgage on lot 412, on Main street, Florence, was likewise sought on this second cause of action.

Judgments in the amounts of $5,625.70 and $4,567.08 were ordered on the two causes of action, and the mortgages were ordered foreclosed and the properties sold to satisfy them.

There was some irregularity in the foreclosure sales which ensued, the nature of which is not shown in *this* record, and which were set aside by order of this court on stipulation of these litigants. Be that as it may, the first sales in foreclosure were set aside, and on October 21, 1936, an alias order of sale was issued, pursuant to which the sheriff sold the above-described lots on November 25, 1935. Lots 406 and 408 were bid off by the plaintiff mortgagee for $7,500, and lot 412 was similarly bid off for $3,000.

After the original judgment of foreclosure had been entered on October 29, 1934, plaintiff paid to the county treasurer the sum of $1,541.84 as taxes then due and past due on lots 406 and 408 for the years 1930, 1931 and 1932, and at the same time it paid $903.83 as taxes due and past due on lot 412 for the same years, 1930, 1931, and 1932. Later, between the dates of the first sale and the alias sale, plaintiff paid the sum of $656.29 as taxes due and past due on lots 406 and 408 for the years 1933 and 1934, and similarly paid $388.69 as taxes due and past due on lot 412 for the years 1933 and 1934. On motion filed on November 25, 1935, plaintiff asked the trial court to award a lien on the properties for the amounts of these later payments of taxes, to be satisfied out of the proceeds of the alias foreclosure sales which had been held on the same date, November 25, 1935.

Defendants resisted confirmation of these sales on the ground of inadequacy of price, and moved the court to fix a minimum or upset price. Plaintiff moved to confirm the sales. The trial court overruled the motion of defendants; and on December 31, 1935, it sustained, in part, the plaintiff's motion. The record recites:

"And the court further finds that the purchase price at said sale as above stated is substantially inadequate, and that the bid of the plaintiff should be raised so as to cover all of the judgment, interest, taxes and costs accrued at

the time of the said sale, and that the bid on lots 406 and 408 be raised to the sum of $8,700, and the bid on lot 412 be raised to the sum of $6,492 as a condition to the court confirming the sale."

Plaintiff announced its consent to this order of court and raised its bids accordingly. Confirmation followed, with sheriff's deeds to issue in eighteen months from date of sales unless the properties were redeemed in the interim.

Defendants appeal, urging certain objections to the judgment which we will consider in the order of their presentation. They first contend that the net result of the proceedings below is to subject them to a deficiency judgment, whereas the order and judgment of the trial court, quoted above, contemplated that plaintiff's bids were to be raised to such figures as would eliminate that possibility. Counsel for appellee do not seriously resist that contention, but suggest that the point is one the trial court could readily correct on its own motion. There may be some doubt about that, since the term at which the judgment was rendered has gone by. (*Thornton v. Van Horn*, 140 Kan. 568, 37 P. 2d 1015.) It is, however, perfectly clear that as a condition of confirmation the bids were to be raised to whatever figures would cover the judgment, interest, taxes and costs. The order specified the supposedly requisite figures of $8,700 and $6,492, or an aggregate of $15,192, while the total actually required figures, to avoid a deficiency judgment, according to defendants' computation, should aggregate a sum of $15,436.83.

In the notable soldiers' compensation case, *State, ex rel., v. Davis,* 114 Kan. 270, 217 Pac. 905, id. 114 Kan. 283, where the court had to consider the question whether our World War soldiers should actually receive a dollar a day for their services as awarded to them by popular vote, or only a prorata share of the $25,000,000 voted to pay that award, this court held that the $25,000,000 was no more than an *estimate* of the probable amount which would be required to pay each Kansas soldier, sailor and marine the sum of one dollar for each day's actual service in the World War, and that the controlling amount was one dollar per day—whatever the total sum would have to be. And so here, the requisite bids were to cover judgment, interest, taxes and costs, and the suggested figures were merely estimates of the supposedly requisite bids, and not controlling. It follows that on this point defendant's contention is correct, and the deficiency judgment, whatever it is, must be remitted or otherwise eliminated.

Defendants next urge the point that the proceeds of the sale of lot 412 are made to contribute to the satisfaction of the judgment rendered on the first cause of action. In only one respect does there appear to be any foundation for their contention. The trial court did not apportion the costs between the judgments on the two causes of action. Nor does it appear that the court was asked to do so. Certainly the record reveals no precise basis upon which this court could order such an apportionment, and no error is made to appear.

Defendants' third point raised the question whether the trial court should have required plaintiff's bid on lots 406 and 408 to be raised to a still higher figure as a condition precedent to confirmation. Obviously defendants assume that it was the trial court's bounden duty to require those bids to be raised. They cite but do not critically read the provisions of R. S. 1933 Supp. 60-3463a. Assuming that there are no constitutional infirmities in the cited statute when applied to the rights of the plaintiff mortgagee which had attached before that statute was enacted in 1933, the matter of confirming a sale in foreclosure is ordinarily addressed to the trial court's discretion. (*Equitable Life Assur. Soc. v. Shearer,* 142 Kan. 310, 313, 46 P. 2d. 869.) See, also, *Norris v. Evans,* 102 Kan. 583, 171 Pac. 606; *Prudential Ins. Co. v. Clark,* 122 Kan. 109, 111, 251 Pac. 199.

The next error urged by defendants is based on an alleged misconstruction which the trial court gave to its own previous judgment, when it sustained plaintiff's motion to have its payments of taxes for 1933 and 1934 included in the tax liens for which the properties were resold under the alias order of sale. The contention is now made that such payments were voluntary, and that under the rule in *McCrossen v. Harris,* 35 Kan. 178, 10 Pac. 583, they can neither be recouped from the proceeds of the sale in foreclosure nor made the basis of an independent lien. We think the cases are not analogous. Here it was prudent if not imperative that plaintiff should pay the taxes of 1933 and 1934 to protect its rights, for it could not be certain that the antecedent sale in foreclosure would be upheld; and eventually it was set aside. Even in *McCrossen v. Harris,* supra, it was said:

"Under some circumstances perhaps a party might pay the taxes for the protection of his lien, and for such payment equity might give him a lien in connection with the judgment." (p. 179.)

As we read the record—which is by no means clear—plaintiff paid

the taxes of 1933 and 1934 to safeguard its interest in the property, and the trial court correctly gave it credit for those payments in apportioning the proceeds of the alias sales. (*Pool v. Gates,* 119 Kan. 621, 626, 240 Pac. 580.)

Defendants' final contention is that the notices of the alias sales did not state what should be done with any balance of the proceeds of such sales which might remain after satisfying the judgment, including interest, taxes and costs. Such details are not required to be included in the notice prescribed by statute (R. S. 60-3416), consequently their omission was of no consequence. (See *Northrup v. Cooper,* 23 Kan. 432, and *Fraser v. Seeley,* 71 Kan. 169, 79 Pac. 1081.)

It follows that this cause should be remanded to the district court with instructions to direct that any deficiency judgment still appearing in the record be expunged or remitted, and when that detail is attended to the judgment for plaintiff will be affirmed. It is so ordered.