No. 34,395

The Federal Farm Mortgage Corporation, *Appellant*, v. Mary Rupp and Jacob Rupp, Her Husband, *Appellees*.

(95 P. 2d 310)

Opinion filed November 10, 1939.

A. W. *Wilson*, of Ness City, *W. E. Pepperell, Conrad L. Ball, J. P. Flinn* and *Edward H. Jamison*, all of Wichita, for the appellant.

*Andrew F. Schoeppel* and *Tom Smyth*, both of Ness City, for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This is an appeal by the plaintiff from an order overruling its application to modify and amend an order confirming a sale in a real-estate mortgage-foreclosure action in which the sale and all the proceedings of the sheriff under the order of sale had been approved and confirmed on the motion of the plaintiff and in the absence of the defendants.

On February 9, 1938, the foreclosure judgment was rendered for the sum of $3,750.98, together with interest at five percent per annum and for costs of the action accrued and accruing, subject, however, to a first mortgage. The order of sale issued on February 15, 1938, and attached thereto was a blank form for the sheriff's return. The property was sold on March 22, 1938, subject to the first mortgage. The signed return of the sheriff filed with the clerk of the court on March 22, 1938, disclosed the following facts and figures:

"APPLICATION OF PROCEEDS OF SALE

| | |
|---|---|
| Clerk's costs ............................................... | ⎫ |
| Sheriff's fees .............................................. | ⎬ $34.71 |
| Publication of notice of sale.............................. | ⎭ |
| Taxes ..................................................... | |
| Applied as credit on plaintiff's judgment, with interest............. | 3,750.98 |
| Total ..................................................... | ........ |
| Amount of bid ............................................. | $3,000.00" |

On the same day the return was filed plaintiff filed its motion to approve and confirm the sale. In compliance with plaintiff's motion, the sale was approved and confirmed on March 25, 1938. The pertinent portion of that order reads:

"The court having heard said motion and the argument of counsel, the objections, if any, to the confirmation of said sheriff's sale, *and having examined* the order of sale and *the sheriff's return endorsed thereon,* and being fully advised in the premises, finds that said sale was duly and regularly made and held *in conformity with law and equity;* and that said sheriff's sale, *and all the proceedings of said sheriff under said order of sale,* should be approved and confirmed and the clerk of this court authorized and directed to make an entry upon the journal of this court to the effect that said sale has been approved and confirmed by the court.

"It is therefore considered, ordered, adjudged and decreed, That said sheriff's sale, *and all proceedings of the said sheriff* under said order of sale, be and the same *are hereby approved and confirmed* by the court; and the clerk of this court is hereby authorized and directed to make an entry upon the journal of this court to the effect that the court finds that said sale *has in all respects* been made in conformity to law, and that the same has been approved and confirmed by the court." (Italics inserted.)

On December 13, 1938, and in response to a request by plaintiff for a certified copy of the journal entry of judgment, the clerk advised plaintiff that the court had directed her to inform the plaintiff that there was no deficiency judgment in the case. On January 5, 1939, plaintiff filed its application for an order requiring the sheriff to correct his return on the order of sale to speak the truth. The substance of that motion was that all of the facts were fully and correctly set forth in the sheriff's return. In other words, plaintiff contended the return disclosed that the amount actually received by the sheriff and applied as a credit upon the judgment, with interest, was $3,000, minus $34.71, or $2,965.29, and not the full amount of the judgment in the sum of $3,750.98.

To the application of plaintiff, defendant filed its objections, the pertinent portion of which reads:

*"First.* That an order confirming the said sheriff's sale was obtained from the court *upon the representation* that the said sum of $3,750.96 was the credit upon the judgment obtained by the plaintiff in said cause;

*"Second.* That the said credit of $3,750.96 was authorized by the plaintiff's attorney, who directed the said sheriff to endorse said credit upon his said return before filing in the office of the clerk of the district court of Ness county, Kansas; and said sale was, in fact, confirmed in reliance upon said proceedings and endorsement of the said sum of $3,750.96;

*"Third.* That if, in fact, said judgment was not credited with said sum of $3,750.96, then that the said confirmation of said sale was improperly obtained and is based upon misrepresentation and mistake of fact and that said confirmation should be set aside." (Italics inserted.)

The defendant requested that in the event plaintiff sought to change or modify the return, then and in that event the court

determine upon a proper hearing the value of said property and determine whether it would confirm the sale without crediting the entire amount of the judgment thereon.

In response to the application and objections thereto, a hearing was had on January 19, 1939. Evidence was introduced by the parties relative to the conduct of the sale and matters pertinent thereto. The pertinent portion of the order overruling the application reads:

"First, that the motion of the plaintiff should be overruled. Second, that at the time of the confirmation of said sheriff's sale *the court relied upon the sheriff's return showing that the judgment would be credited with the sum of $3,750.96, and that no deficiency judgment would remain.* Third, that at the time of the hearing of the motion to confirm said sheriff's sale, the defendants were not present in court, either in person or by counsel." (Italics inserted.)

The court ordered and directed the clerk to show a release and satisfaction of the judgment in full.

The undersheriff who conducted the sale was called as a witness for plaintiff. The substance of his testimony was: The bid of the plaintiff was $3,000; one of the attorneys for the plaintiff had in his possession a form for a sheriff's return and that the attorney had filled it out, and that he (the undersheriff) copied the data for his official return from the return in the possession of plaintiff's attorney; it was in this manner that he credited the judgment with the sum of $3,750.98.

The attorney for plaintiff, who was present at the sale, testified in substance: He did not have a blank return in his possession; he did not fill out any return; he had the figures on a piece of paper and gave the undersheriff the amount of the costs, the amount of the judgment and all those things as he usually did at a sale; he did not know when the mistake was made or whether he was to blame for it or not, but a mistake was made in the return; this return showing a credit on the judgment in the sum of $3,750.98 was on file at the time he obtained the order of confirmation; he had not examined the return and was unaware of its contents until after he had received a copy of the letter from the plaintiff stating what the clerk had said about the condition of the judgment.

The cross-examination of the same witness discloses the following:

"Q. Do you—did you announce to the court there was any deficiency you were carrying back at the time you confirmed it? A. I don't recall that I did. I don't recall that I did, I don't remember. I submitted the confirmation journal entry; I had several of them, and I must have overlooked this fact, because I certainly would have wanted it fixed if I had seen it.

"Q. Then, in that case, you know the court has not been confirming any sales where there were any deficiencies? A. He has told me that since; I had never had one where that question was up before.

"Q. That is all.

"The Court: Q. When a sale is held, do you send copies of the proceedings to the attorneys of the Federal Land Bank right away, before you ask the court to confirm it? A. Yes; I usually do.

"Q. Well, did you send a copy of this to the Federal Land Bank? A. I presume I did, on the regular form."

The order of confirmation discloses the court examined the sheriff's return and approved and confirmed "all of the proceedings of said sheriff under said order of the sale." That included the credit of $3,750.96, with interest, applied on the judgment. Even though plaintiff's attorney did not examine the sheriff's return, it was the duty of the court to examine it before confirming the sale. (G. S. 1935, 60-3463; *Bank v. Kennedy,* 98 Kan. 477, 478, 157 Pac. 1199.) The return at the time of the confirmation disclosed that $3,750.96, with interest, had been applied on the judgment. No deficiency judgment was requested by plaintiff. The record disclosed the court relied upon the sheriff's return showing that the judgment was credited with the full sum of $3,750.96 and interest. That finding, together with the ruling on the application, clearly shows the court would not have approved and confirmed the sale had the return not disclosed that no deficiency judgment would result. The record further discloses the court approved the sale, with the entire sum of $3,750.96 applied on the judgment, as being in conformity with both law and equity. It was not only within the power of the court, but it was its duty to determine that fact. (G. S. 1935, 60-3463; *Robinson v. Kennedy,* 93 Kan. 514, 516, 144 Pac. 1002; *Norris v. Evans,* 102 Kan. 583, 590, 171 Pac. 606; *Brewer v. Warner,* 105 Kan. 168, 171, 182 Pac. 411; *Insurance Co. v. Stegink,* 106 Kan. 730, 732, 189 Pac. 965; *Aetna Building & Loan Ass'n v. Reverend,* 144 Kan. 307, 310, 58 P. 2d 1138.) And that was the province of the court even prior to the enactment of G. S. 1935, 60-3463a. (*Kaw Valley State Bank v. Chumos,* 138 Kan. 714, 718, 27 P. 2d 244.) G. S. 1935, 60-3463a, is simply interpretative of G. S. 1935, 60-3463, and declaratory of the equity powers which previously existed under G. S. 1935, 60-3463. (*Liberty Savings & Loan Ass'n v. Jones,* 143 Kan. 422, 435, 54 P. 2d 937.) There is no evidence in the record, and defendant did not undertake to introduce evidence at any time,

to show that it was inequitable to apply the full amount of $3,750.96 and interest on the judgment.

For all practical purposes the intent of plaintiff's application was to be relieved of having the full sum of $3,750.96 with interest applied as a credit upon its judgment. That relief the court denied upon valid grounds heretofore stated. The credit allowed on the judgment must therefore stand. The result is such credit satisfied the judgment in full and the court properly directed the clerk to show a release and satisfaction of the judgment in full.

Plaintiff also urges the court could not by its order of January 19, 1939, and in a subsequent term, modify its former judgment of February 9, 1938, by which last-mentioned judgment plaintiff obtained a judgment in the sum of $3,750.96. We do not construe the order of January, 1939, directing the clerk to show a release and satisfaction of the judgment in full as constituting a modification of the judgment rendered in February, 1938. The effect of the order made in January, 1939, to cancel the judgment was in harmony with the basis upon which the sale was confirmed and did not alter or modify the original judgment.

The judgment is affirmed.