No. 35,225

E. A. Broughton, *Appellant*, v. Terence Murphy,
J. C. Murphy et al., *Appellees.*

(126 P. 2d 207)

Opinion filed June 6, 1942.

*David F. Carson* and *David W. Carson,* both of Kansas City, were on the briefs for the appellant.

*J. E. Mowery,* of Dighton, and *Horace J. Foster,* of Garden City, were on the briefs for the appellees.

The opinion of the court was delivered by

Thiele, J.: This is an appeal from a ruling of the trial court refusing to confirm a sale of real estate following foreclosure of a mortgage.

In his abstract appellant has made reference to some prior sales and asserted reasons why they were either set aside or not confirmed, on a theory they have some evidentiary value. Appellee has filed a supplemental abstract taking issue as to some of the asserted reasons. Appellant has filed a motion to strike this supplemental abstract. We shall not discuss or attempt to resolve the conflicts, for the previous sales are not involved in the present appeal. The supplemental abstract, however, is of assistance to the court in following the history of matters leading up to the present appeal, and the motion to strike is denied.

On March 25, 1925, judgment was rendered in favor of the plaintiff for $2,741.66 and for the foreclosure of a mortgage on the west half of section 17, township 20, range 28, west, in Lane county, Kansas. Shortly thereafter an order of sale was issued and the real estate sold to the appellant at sheriff's sale. It is not entirely clear whether the trial court refused confirmation or later set aside the.

sale, but in any event no appeal was taken. At later dates, under general executions and not under orders of sale, two sales of the mortgaged real estate and other real estate were had. Thereafter, under proceedings not made clear from the abstracts, an intervention was permitted, the sales set aside and on April 19, 1940, a new judgment was rendered in favor of plaintiff for $4,130.70. On the same day an order of sale issued and the mortgaged real estate was sold to the plaintiff for $886.32. The trial court refused to confirm this sale. On August 12, 1940, another order of sale issued, and at a sheriff's sale held September 19, 1940, the land was sold to plaintiff for $800. A hearing was had on motion to confirm this sale, at which evidence was received. Various witnesses fixed the value of the land from $1.25 to $15 per acre. The judge of the trial court was requested by counsel for the parties to view the land, and did so, and thereafter, on December 13, 1940, the trial court filed a memorandum decision on the motion to confirm. We shall not review that decision at length. The court concluded the land was reasonably worth somewhere near $2,500 and that a sale at $800 "would be grossly inadequate and inequitable, and should not be confirmed" and that under all the circumstances it should not confirm a sale at a bid under $2,400—and it ruled accordingly.

From this last ruling the plaintiff appeals. He first contends the trial court abused its discretion in refusing to confirm the sale, and in support relies principally upon *Liberty Savings & Loan Ass'n v. Hanson,* 145 Kan. 174, 64 P. 2d 609, wherein it was held that where there was no substantial disparity between the actual value of the property and the price bid at the sheriff's sale, the judgment creditor has an absolute right to have the sale confirmed. There the only evidence of value was the property was worth $750 to $850 and the bid at the sale was $900, which was less than the judgment. We adhere to the holding in that case, but on the facts it cannot control the case at bar. We would have to weigh the evidence offered in the trial court, substitute our judgment for that of the trial court and conclude the land was worth substantially the amount of the bid, in order to make the rule of the Hanson case apply. Under well-recognized rules of appellate practice we may not substitute our judgment for that of the trial court on the weight to be given conflicting evidence. While some witnesses stated the land was worth $1.25 per acre or $400 for the tract, as many or more stated it was worth $15 per acre or $4,800, while others fixed varying values be-

tween the two extremes. We would be warranted no more in relying on the lowest placed value to find abuse of discretion in refusing to confirm than we would in relying on the highest value were the complaint the trial court had abused discretion in confirming a sale.

The rule is that confirmation of a sale of property in foreclosure ordinarily rests in the sound discretion of the trial court. See *Aetna Building & Loan Ass'n v. Reverend*, 144 Kan. 307, 310, 58 P. 2d 1138; *Federal Farm Mortgage Corp. v. Rupp*, 150 Kan. 605, 95 P. 2d 310, and cases cited. Under the showing made we may not say the trial court abused its discretion or that it committed error in refusing to confirm the sale.

Appellant further contends the trial court had no power to refuse confirmation for mere inadequacy of price. The general tenor of appellant's argument is that early in the state's history the only power of the court to refuse confirmation of a sale in foreclosure was because it was not in conformity to law; that the effect of Laws 1893, ch. 109, § 26, now appearing as G. S. 1935, 60-3463, under which the court must find the proceedings "in conformity with law and equity," was to impose on the court "the same powers and responsibilities that rested upon the chancellor of the old court of equity" (*Norris v. Evans*, 102 Kan. 583, 171 Pac. 606); that unless the inadequacy was so great as to shock the conscience it would not justify even a court of equity in refusing confirmation (*Bank v. Murray*, 84 Kan. 524, 114 Pac. 847); and that there must be some circumstance in addition to inadequacy of price to warrant the court in withholding confirmation (*Insurance Co. v. Stegink*, 106 Kan. 730, 189 Pac. 965). We shall not pursue the matter fully nor discuss other of the decisions cited by appellant. We do note his contention that the note and mortgage in question were given prior to the enactment of G. S. 1935, 60-3463a, and that the statute should not be given a retroactive effect on his contract rights. In *Insurance Co. v. Stegink, supra*, a review is made of the statutory provisions pertaining to confirmation of sale and some of our decisions are reviewed, it being said the old rule, that mere inadequacy of price was insufficient to withhold confirmation, had been largely abrogated by the later rule of the code which charges the trial court before confirming a sale to determine not only that the proceedings are regular, but in conformity with law and equity, and—

"It seems to this court that the inadequacy of price in this case was comparatively great; and that the trial court was justified in setting the sale aside as inequitable. Certainly, at least, no abuse of discretion is disclosed." (p. 733.)

The question of inadequacy of price received attention in *Kaw Valley State Bank v. Chumos*, 138 Kan. 714, 27 P. 2d 244, where it was said:

"The tradition of inadequacy of price as a matter of legality only has colored the language of some of the opinions of this court in decisions under the amended statute, but when the decisions themselves are carefully scrutinized it will be found that inadequacy of price alone without addition of extraneous factors of equitable cognizance may make a sale inequitable." (p. 717.)

In that case confirmation by the trial court was reversed, without taking into account the statute now appearing as G. S. 1935, 60-3463a mentioned above. See, also, *Federal Farm Mortgage Corp. v. Rupp*, 150 Kan. 605, 609, 95 P. 2d 310. The appellant's contention the trial court had no power to refuse to confirm the sale for mere inadequacy of price cannot be sustained.

Finally, appellant contends that the trial court's refusal to confirm for trifling inadequacy of price violates his right to due process. In support he cites *Pewabic Mining Company v. Mason*, 145 U. S. 349, 36 L. Ed. 732, 12 S. Ct. 887, wherein it was held that a sale in equity should not be set aside for trifling causes or matters to which the complaining party might have attended, and to *Bank v. Murray*, 84 Kan. 524, 114 Pac. 847, where reference is made to the first-mentioned case. The premise the inadequacy of price is trifling in amount is not sustained by the record, which is that the value of the land is three times the amount of the bid for which it was sold at the sheriff's sale. There is no occasion to discuss the matter at more length, the contention cannot be sustained.

It has not been made to appear the trial court erred in refusing to confirm the sale, and the ruling of the trial court is affirmed.